**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

JOSE IVAN PEREA-GONZALEZ,
also known as Jose I. Perea, also
known as Jose Perea,

　　　　Defendant - Appellant.

No. 05-2252

(D. New Mexico)

(D.C. No. CR-02-2255 JB)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit
Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following a jury trial, defendant-appellant Jose Ivan Perea-Gonzalez, a native and citizen of Mexico, was convicted of one count of illegal reentry by an alien who had been previously deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to ninety-two months' imprisonment. Perea-Gonzalez has filed a timely notice of appeal.

Perea-Gonzalez's appointed counsel, Anthony White, has filed an <u>Anders</u> brief and moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Perea-Gonzalez has filed a one-page letter and a two-page document, which we have construed as his response to his counsel's <u>Anders</u> brief. He requests appointment of new appellate counsel. The government has declined to submit a brief. For the following reasons, we grant Perea-Gonzalez's counsel's motion to withdraw, we deny Perea-Gonzalez's request for new appellate counsel, and we dismiss this appeal.

**BACKGROUND**

Perea-Gonzalez was charged in a one-count indictment with unlawful reentry by a deported alien previously convicted for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He initially pled guilty. Perea-Gonzalez then filed a motion to withdraw his guilty plea. After successive court-

appointed counsel withdrew from his case, and after several more motions, Perea-Gonzalez ultimately was granted permission to withdraw his guilty plea and proceed to trial. The jury convicted him of the one count.

For purposes of sentencing, the probation office prepared a presentence report ("PSR") which calculated a sentencing range under the United States Sentencing Commission, Guidelines Manual (Nov. 2002) ("USSG"). The PSR calculated a base offense level of eight, and then increased that offense level by sixteen pursuant to USSG §2L1.2(b)(1)(A) because Perea-Gonzalez's prior felony conviction for domestic battery (enhanced) was a conviction for a crime of violence. With a criminal history category of V, the PSR calculated a Guideline sentencing range of 92 to 115 months.

Perea-Gonzalez filed a Motion for Downward Adjustment in Criminal History, arguing that his criminal history over represented his dangerousness and the likelihood that he would commit future crimes. He asserted that a criminal history category of III was a more accurate reflection of his criminal history. The district court denied his motion, finding that "Perea-Gonzalez' criminal history . . . indicates that he has a recent history of violent crimes and probation violations." Mem. Op. & Order at 3, R. Vol. I, doc. 56.[1]

---

[1]The district court described Perea-Gonzalez's criminal history as follows: "[Perea-Gonzalez] received one [criminal history] point for a 1998 juvenile
(continued...)

At his sentencing hearing, Perea-Gonzalez again sought a reduction of his criminal history category. Noting that he was being sentenced after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), rendered the Guidelines advisory rather than mandatory, Perea-Gonzalez "ask[ed] the Court to take [his] motion [for downward adjustment in criminal history] as a request to step outside the Guidelines, the Guidelines obviously being advisory at this point, and sentence Mr. Perea to a lower criminal history category were the Guidelines still in effect." Tr. of Sentencing Hr'g at 5, R. Vol. IV.

The court recognized its obligation to first calculate a Guideline sentence, and in doing so, it acknowledged Perea-Gonzalez's right to argue that his criminal history category significantly over represented the seriousness of his criminal history. However, it concluded that criminal history category V did not seriously over represent the severity of Perea-Gonzalez's criminal conduct: "these adult criminal convictions demonstrate that the defendant has dangerous behavior, and any of these could have resulted in serious injury or some could have resulted in

---

[1](...continued)
conviction for criminal trespass and obstruction of justice. He received two points for a 1999 conviction for assault and disorderly conduct. He received two points in 2000 for a conviction for domestic battery/bodily harm. He received three points for a 2000 conviction for battery (enhanced) and unlawful restraint. Each of these convictions occurred while Perea-Gonzalez was on conditional discharge or probation." Mem. Op. & Order at 1-2, R. Vol. I, doc 56 (citing PSR ¶¶ 4-6, 17-21).

death.  So I think the defendant's criminal history category is correctly assessed, and I don't believe a downward departure based on over representation of criminal history is appropriate." Id. at 12.

The court then adopted the factual findings and Guideline calculations contained in the PSR, including the criminal history category of V, and sentenced Perea-Gonzalez to ninety-two months.  The court stated:

> [A]fter considering all the factors in 3553(a), . . . the punishment that's set forth in the Guidelines is appropriate for this sort of offense given his criminal history category.  I have considered the kinds of sentence and range established by the Guidelines, and I believe that a sentence of 92 months reflects the seriousness of the offense and promotes respect for the law, provides just punishment, affords adequate deterrence and protects the public and because [of] what the Bureau of Prisons can offer, I think it effectively provides him with needed educational and vocational training and otherwise fully reflects the factors in 3553(a).

Id. at 20.

## DISCUSSION

Anders authorizes counsel to request permission to withdraw from representation of the defendant where counsel has conscientiously examined the case and determined that any appeal would be wholly frivolous.  Anders, 386 U.S. at 744; see also United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).  Accordingly,

[u]nder <u>Anders</u>, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether the defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

<u>Id.</u> (citing <u>Anders</u>, 386 U.S. at 744). After fully examining the record and after considering both Perea-Gonzalez's submissions and his counsel's <u>Anders</u> brief, we conclude that there are no nonfrivolous issues upon which Perea-Gonzalez may base his appeal. There is no basis on which to challenge the jury's determination of guilt, and we conclude that Perea-Gonzalez's sentence is reasoned and reasonable, taking into account the properly-calculated Guideline range and the § 3553(a) sentencing factors.

**CONCLUSION**

We have carefully reviewed the record and Perea-Gonzalez's arguments and can identify no nonfrivolous basis for an appeal.[2] We therefore GRANT

---

[2]In one of his submissions to this court, Perea-Gonzalez suggests that his current counsel is ineffective because he has filed an <u>Anders</u> brief. Filing such a brief does not render counsel ineffective. To the extent Perea-Gonzalez is attempting to allege ineffectiveness in some other way, we would not address it here, as "[i]neffective assistance of counsel claims 'should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.'" <u>Calderon</u>,

(continued...)

Perea-Gonzalez's counsel's request to withdraw, we DENY Perea-Gonzalez's

request for new appointed counsel, and we DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2](...continued)
428 F.3d at 931 (quoting United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)).